**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PIO ZAMMIT,

                Plaintiff,                             Case No. 05-70247

v.                                           Hon. Gerald E. Rosen

SHIRE US, INC.,

                Defendant.

_____/

**ORDER DENYING**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____ May 11, 2005 _____

PRESENT:  Honorable Gerald E. Rosen
                         United States District Judge

By motion filed on May 6, 2005, Plaintiff seeks reconsideration of various aspects of this Court's May 4, 2005 order, in which the Court denied a number of motions recently filed by Plaintiff.  For the reasons set forth briefly below, the Court finds no basis for reconsidering its rulings.

Plaintiff advances four issues in his present motion.  First, Plaintiff complains that he received no notice of any hearing on his motions.  No such notice was issued (or necessary), however, because the Court determined, under Local Rule 7.1(e)(2) of this District, that oral argument would not assist in the disposition of Plaintiff's motions.  Rather, upon reviewing these motions and the record as a whole, the Court found that Plaintiff's motions could readily be resolved on the written submissions alone.  Plaintiff

can rest assured that he will receive notice of any hearings held in this case.

Next, Plaintiff contends that the "gross negligence" of the Food and Drug Administration ("FDA") defeats the sovereign immunity otherwise enjoyed by this federal agency, and thus warrants the addition of the FDA as a party to this suit. No such "gross negligence" exception exists, however, to the sovereign immunity enjoyed by the federal government or a federal agency. More generally, to the extent that Plaintiff maintains that the FDA should be made a party to this suit because this agency's action (or inaction) was a proximate cause of his alleged injury, the Court can only observe that sovereign immunity would be rendered a nullity if it were unavailable in cases where the government allegedly engaged in wrongdoing. Finally, while Plaintiff protests that the Court has misconceived his proposed theory of recovery against the FDA, the Court merely observed in its May 4 order that, irrespective of the theories Plaintiff might wish to pursue, the law provides only a limited avenue for challenging injuries allegedly arising from the FDA's approval of (or failure to withdraw a prior approval of) an allegedly dangerous drug.

Plaintiff next complains that the Court should not have denied his summary judgment motion as premature, because he already has garnered all of the evidentiary support he deems necessary to support his claims against Defendant. Be that as it may, Plaintiff is not the only party to this action, and Defendant is entitled to conduct any reasonable and appropriate discovery efforts that it deems necessary to defend against the claims advanced by Plaintiff. Moreover, to the extent that Plaintiff asserts that the viability of his claims will turn upon the constitutionality of a Michigan statute, Mich.

2

Comp. Laws § 600.2946(5), fundamental constitutional principles prohibit this Court

from issuing an abstract and potentially advisory opinion as to the proper meaning and

validity of a legislative enactment.  Rather, the Court will make such a ruling only if it is

necessary to do so, and only when the record is sufficiently developed to permit a

determination as to how (and whether) this Michigan statute applies to the facts of this

particular case.  The federal courts do not exist to issue sweeping pronouncements, but

only to decide the specific cases before them.

Finally, Plaintiff challenges the Court's denial of his motion for sanctions.  In its

May 4 order, however, the Court identified various procedural and legal defects in this

motion, and the Court sees no basis to revisit this ruling here.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's May 6, 2005

Motion for Reconsideration is DENIED.


s/Gerald E. Rosen_____
Gerald E. Rosen
United States District Judge

Dated:  May 11, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record
on May 11, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry_____
Case Manager

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PIO ZAMMIT,

                 Plaintiff,                         Case No. 05-70247

v.                                              Hon. Gerald E. Rosen

SHIRE US, INC.,

                  Defendant.

_____/

**ORDER DENYING**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____ May 11, 2005 _____

PRESENT:  Honorable Gerald E. Rosen
                       United States District Judge

By motion filed on May 6, 2005, Plaintiff seeks reconsideration of various aspects of this Court's May 4, 2005 order, in which the Court denied a number of motions recently filed by Plaintiff. For the reasons set forth briefly below, the Court finds no basis for reconsidering its rulings.

Plaintiff advances four issues in his present motion. First, Plaintiff complains that he received no notice of any hearing on his motions. No such notice was issued (or necessary), however, because the Court determined, under Local Rule 7.1(e)(2) of this District, that oral argument would not assist in the disposition of Plaintiff's motions. Rather, upon reviewing these motions and the record as a whole, the Court found that Plaintiff's motions could readily be resolved on the written submissions alone. Plaintiff

can rest assured that he will receive notice of any hearings held in this case.

Next, Plaintiff contends that the "gross negligence" of the Food and Drug Administration ("FDA") defeats the sovereign immunity otherwise enjoyed by this federal agency, and thus warrants the addition of the FDA as a party to this suit. No such "gross negligence" exception exists, however, to the sovereign immunity enjoyed by the federal government or a federal agency. More generally, to the extent that Plaintiff maintains that the FDA should be made a party to this suit because this agency's action (or inaction) was a proximate cause of his alleged injury, the Court can only observe that sovereign immunity would be rendered a nullity if it were unavailable in cases where the government allegedly engaged in wrongdoing. Finally, while Plaintiff protests that the Court has misconceived his proposed theory of recovery against the FDA, the Court merely observed in its May 4 order that, irrespective of the theories Plaintiff might wish to pursue, the law provides only a limited avenue for challenging injuries allegedly arising from the FDA's approval of (or failure to withdraw a prior approval of) an allegedly dangerous drug.

Plaintiff next complains that the Court should not have denied his summary judgment motion as premature, because he already has garnered all of the evidentiary support he deems necessary to support his claims against Defendant. Be that as it may, Plaintiff is not the only party to this action, and Defendant is entitled to conduct any reasonable and appropriate discovery efforts that it deems necessary to defend against the claims advanced by Plaintiff. Moreover, to the extent that Plaintiff asserts that the viability of his claims will turn upon the constitutionality of a Michigan statute, Mich.

2

Comp. Laws § 600.2946(5), fundamental constitutional principles prohibit this Court

from issuing an abstract and potentially advisory opinion as to the proper meaning and

validity of a legislative enactment.  Rather, the Court will make such a ruling only if it is

necessary to do so, and only when the record is sufficiently developed to permit a

determination as to how (and whether) this Michigan statute applies to the facts of this

particular case.  The federal courts do not exist to issue sweeping pronouncements, but

only to decide the specific cases before them.

Finally, Plaintiff challenges the Court's denial of his motion for sanctions.  In its

May 4 order, however, the Court identified various procedural and legal defects in this

motion, and the Court sees no basis to revisit this ruling here.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's May 6, 2005

Motion for Reconsideration is DENIED.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  May 11, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record
on May 11, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

3